Citation Nr: 1313641 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 10-30 281 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss. 

2. Entitlement to service connection for tinnitus. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Brian J. Milmoe, Counsel


INTRODUCTION

The Veteran served on active duty from December 1960 to December 1963. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision entered in November 2009 by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri, denying the Veteran's claims for service connection for bilateral hearing loss and tinnitus. 

The Board in February 2013 determined that additional medical input was needed and requested a medical opinion from a Veterans Health Administration (VHA) physician pursuant to 38 U.S.C.A. §§ 5103A, 7109 (West 2002 & Supp. 2012); 38 C.F.R. § 20.901 (2012). That opinion was received by the Board in March 2013. Ordinarily, a copy of the opinion obtained is furnished to the Veteran for review and submission of additional evidence and/or argument, prior to the Board's entry of a final decision. However, in this instance the record now permits a grant of the benefits sought on appeal, thereby obviating the need to provide notice and an opportunity to submit additional evidence or argument. 


FINDING OF FACT

Inservice acoustic trauma occurred in connection with the Veteran's duty as a light weapons infantryman and he was also treated in service for otitis media with Terramycin and Aureomycin, which cannot reasonably be dissociated with inservice and/or postservice complaints of hearing loss and tinnitus and postservice medical data confirming the presence of those entities. 


CONCLUSION OF LAW

Bilateral hearing loss and tinnitus were incurred in service. 38 U.S.C.A. §§ 1131, 5107 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.303, 3.385 (2012).



REASONS AND BASES FOR FINDING AND CONCLUSION

As the disposition herein reached is favorable to the Veteran-appellant, the need to discuss the VA's efforts to comply with the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000), as codified in the United States Code, its implementing regulations, or the body of law interpretive thereof, is obviated. 

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty, or from aggravation of a preexisting injury suffered or disease contracted in line of duty. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. 

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." 38 C.F.R. § 3.303(b). Disorders diagnosed after discharge may still be service connected if all the evidence, including pertinent service records, establishes that the disorder was incurred in service. 38 C.F.R. § 3.303(d). 

For the purposes of applying the laws administered by VA, impaired hearing is considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. The U.S. Court of Appeals for Veterans Claims (Court), in Hensley v. Brown, 5 Vet. App. 155 (1993), indicated that 38 C.F.R. § 3.385 does not preclude service connection for a current hearing disability where hearing was within normal limits on audiometric testing at separation from service if there is sufficient evidence to demonstrate a medical relationship between inservice exposure to loud noise and current disability. The Board notes that the Court's directives in Hensley are consistent with 38 C.F.R. § 3.303(d).

Here, the evidence of record, including the credible, probative account provided by the Veteran that is not otherwise disputed by evidence on file, indicates that acoustic trauma occurred in service as a result of his exposure to excessive noise levels in connection with his duties as a light weapons infantryman. 

Service treatment records indicate that the Veteran was treated on several occasions in or about January 1963 for otitis media, with injection of the right tympanic membrane. The primary complaint on those occasions was of ear aching. Examination and treatment records compiled in service and for years thereafter are otherwise negative for pertinent complaints or findings. 

In connection with his October 2009 claim, the Veteran reported that he had suffered inservice acoustic trauma and had experienced tinnitus since that time. Hearing loss was indicated to also be due to inservice acoustic trauma. When evaluated by VA on an outpatient basis in October 2009, the Veteran stated that he had previously worn hearing aids for a period of two years, but had discontinued their use approximately three years previously. He voiced complaints of hearing loss and tinnitus. The pertinent assessment was of hearing loss. 

On a VA audiological examination in February 2010, which was conducted without the Veteran's VA claims folder, it is noted that the Veteran reported having first noticed his hearing loss in the early 1970s, with worsening over time. The Veteran indicated that his tinnitus was first present immediately after basic training. He further described his inservice exposure to excessive noise in the form of rifle, pistol, and machine gun fire without hearing protection. He denied a history of occupational noise exposure in civilian life, noting as well that he also hunted for ducks two or three times yearly with use of hearing protection. Hearing loss of both ears meeting the criteria of 38 C.F.R. § 3.385 was demonstrated on testing. No nexus opinion was offered at that time, but when the claims folder was made available to the VA examiner, she opined in June 2010 that the Veteran's hearing loss was not caused by or the result of his military service and that it was less likely than not that his tinnitus was caused by or a result of military service, citing the absence of any documented inservice complaints of tinnitus and a showing of normal hearing sensitivity of both ears at service discharge. 

An additional VA medical opinion was obtained by the RO in March 2012 regarding the service onset of the Veteran's tinnitus and its relationship, if any, to hearing loss or other disorders. Following her review of the claims folder, the reviewing audiologist expressed agreement with the opinion of the prior VA examiner, citing verbatim the previous opinion, without elaboration. As a secondary entity, the VA reviewer noted that, although hearing loss and tinnitus were commonly present together, they were "not necessarily mutually occurring" and had varying causes to include certain medications, stress, nicotine, sodium, excessive caffeine, etc. Hearing loss was noted not to cause tinnitus, or vice versa. In the opinion of the reviewer, it was less likely as not that tinnitus of the Veteran was secondary to his hearing loss or other medical condition. 

A VHA opinion was received by the Board in March 2013. The reviewing physician, an otolaryngologist, therein expressed general agreement with the prior medical opinions of record, but noting that doubts were raised by the inservice diagnoses of injected tympanic membranes, albeit without an otolaryngologist's opinion about the possible cause or a hearing test. Ultimately, the VA expert concluded that, although it could not be established to a certainty, it was at least as likely as not that the claimed entities were possibly service-related. 

In all, there is evidence both supporting and contraindicating entitlement to service connection for hearing loss and tinnitus. Inservice acoustic trauma is conceded and the Veteran's account of inservice tinnitus and the onset of identifiable hearing loss in the early 1970s is found to be competent, credible, and probative. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Layno v. Brown, 6 Vet. App. 465, 469 (1994). The nexus opinions offered by VA audiologists in 2010 and 2012 are unfavorable to the Veteran's claims, but neither of those medical professionals addressed the inservice ear problems of the Veteran, to include his prescribed use of potentially ototoxic antibiotics for otitis media. While the VHA expert was unable to state to a certainty that the claimed disorders were of service origin, there was sufficient evidence on file to permit him to conclude that it was at least as likely as not that such were service-related. 

On the basis of the foregoing, the record is found to be at least in relative equipoise as to the question of the service incurrence of bilateral hearing loss and tinnitus. Grants of service connection therefor are thus found to be in order. 


ORDER

Service connection for bilateral hearing loss and tinnitus is granted. 



____________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs